## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**CLARENCE PERKINS,**

      **Petitioner,**

   **v.**                       **CASE NO. 2:05-CV-189**
                                      **JUDGE FROST**
                                      **MAGISTRATE JUDGE KING**

**STATE OF OHIO, *et al.*,**

      **Respondents.**

### ORDER AND
### REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241.  This matter is before the Court on the instant petition, respondent's return of writ, and supplemental memorandum in response, petitioner's reply and amended reply, and the exhibits of the parties.

For the reasons that follow, it is **RECOMMENDED** respondent's unopposed request to remove the State of Ohio as a named respondent in this action be **GRANTED** and that the petition for a writ of habeas corpus be **DISMISSED**.

Respondent's motion for oral argument, Doc. No. 12, is **DENIED**.

### I.  DISMISSAL OF STATE OF OHIO AS RESPONDENT

Respondent requests that the State of Ohio be dismissed as a named respondent, and that Judge John A. Connor of the Franklin County Court of Common Pleas be named as the sole and proper respondent in this action.  Petitioner has not opposed respondent's request.

Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts

provides in relevant part:

> (a) Current Custody; Naming the Respondent. If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody.  (b) Future Custody; Naming the Respondents and Specifying the Judgment. If the petitioner is not yet in custody--but may be subject to future custody--under the state-court judgment being contested, the petition must name as respondents both the officer who has current custody and the attorney general of the state where the judgment was entered. The petition must ask for relief from the state-court judgment being contested.

The Advisory Committee Notes clarify:

> Subdivision (b) prescribes the procedure to be used for a petition challenging a judgment under which the petitioner will be subject to custody in the future. In this event the relief sought will usually not be release from present custody, but rather for a declaration that the judgment being attacked is invalid. Subdivision (b) thus provides for a prayer for "appropriate relief." It is also provided that the attorney general of the state of the judgment as well as the state officer having actual custody of the petitioner shall be named as respondents. This is appropriate because no one will have custody of the petitioner in the state of the judgment being attacked, and the habeas corpus action will usually be defended by the attorney general. The attorney general is in the best position to inform the court as to who the proper party respondent is. If it is not the attorney general, he can move for a substitution of party.  Since the concept of "custody" requisite to the consideration of a petition for habeas corpus has been enlarged significantly in recent years, it may be worthwhile to spell out the various situations which might arise and who should be named as respondent(s) for each situation.  (1) The applicant is in jail, prison, or other actual physical restraint due to the state action he is attacking. The named respondent shall be the state officer who has official custody of the petitioner (for example, the warden of the prison).  (2) The applicant is on probation or parole due to the state judgment he is attacking. The named respondents shall be the particular probation or parole officer responsible for supervising the applicant, and the official in charge of the parole or probation agency, or the state correctional agency, as appropriate.  (3) The applicant is in custody in any other manner differing from (1) and (2) above due to the effects of the state action he seeks relief from. The named respondent should be the attorney general of the state wherein such

2

> action was taken. (4) The applicant is in jail, prison, or other actual physical restraint but is attacking a state action which will cause him to be kept in custody in the future rather than the government action under which he is presently confined. The named respondents shall be the state or federal officer who has official custody of him at the time the petition is filed and the attorney general of the state whose action subjects the petitioner to future custody.  (5) The applicant is in custody, although not physically restrained, and is attacking a state action which will result in his future custody rather than the government action out of which his present custody arises. The named respondent(s) shall be the attorney general of the state whose action subjects the petitioner to future custody, as well as the government officer who has present official custody of the petitioner if there is such an officer and his identity is ascertainable.  In any of the above situations the judge may require or allow the petitioner to join an additional or different party as a respondent if to do so would serve the ends of justice.

*Id*.

Petitioner in this case apparently has been released on bond pending trial on a charge of failure to comply with the order of a police officer; petitioner contends in this action that his prosecution on this charge will violate the Double Jeopardy Clause.  The petition names as respondents the State of Ohio and the trial judge assigned to petitioner's case.  The United States Court of Appeals for the Seventh Circuit has held that,  the court that admitted the petitioner to bail, ... is a logical respondent. *Reiminitz v. State's Attorney of Cook County*, 761 F.2d 405, 407 (7th Cir. 1985), citing *Hensley v. Municipal Court,* 411 U.S. 345, 351(1973); *see also Miskel v. Karnes*, 397 F.3d 446, 450 n.5 (6th Cir. 2005)(citations omitted).   In view of the foregoing, it is **RECOMMENDED** respondent's unopposed request to dismiss the State of Ohio as a named respondent in this action be **GRANTED.**

## II.  PROCEDURAL HISTORY

This case involves the following facts, as summarized by the Franklin County Court of

3

Common Pleas:

> The facts in this case are essentially undisputed. On June 10, 2004, Defendant Perkins was pulled over for speeding. He stopped the car, but refused the officer's order to turn off his engine and unlock the door. Defendant Perkins then pulled away and drove away, speeding and weaving around other cars. The police pursued him several miles until Perkins pulled into the driveway of his house, where he was arrested. Defendant was charged with the following:
>
> Municipal Case No. 04TRC - 154641 - (1) Speed, R.C. 4511.21(A); (2) OVI, R.C. 4511.19(A)(1)); and (3) Reckless Operation, R.C. 4511.20. On June 11, 2004, Defendant pleaded no contest to the OVI charge, and the Speed and Reckless Operations charges were dropped. Defendant was then sentenced on the OVI charge.
>
> Municipal Case No. 04TRD-158437 - Reckless Operation, Columbus Traffic Code 2133.02. This charge was dismissed pursuant to plea agreement as noted above. *See Dismissal Entry*, filed July 28, 2004.
>
> Municipal Case No. 04CRA-13594 - Failure to Comply with an Order of a Police Officer, R.C. 2921.331(B). The Complaint was dismissed on June 18, 2004 by request of the Prosecutor.
>
> Common Pleas No. 04CR5165 - Felony count of Failure to Comply with an Order of a Police Officer, R.C. 2921.331(B) and (C)(5)(a)(ii).

Exhibit G to Return of Writ.[1]  As noted above, on June 11, 2004, and while represented by counsel, petitioner pleaded no contest in Case No. 04TRC-154641 to OVI; the speeding citation and reckless operations charges in that case were dropped at the request of the prosecutor. *Transcript*, June 11, 2004, attached as Exhibit E to Memorandum in Support of Petition.  Petitioner was later sentenced to twelve days incarceration, twenty days house arrest, three years probation, three years license suspension, and a four hundred dollar fine on the OVI.  Exhibits F and G to Petition.  On June 18,

---

[1]It appears that petitioner may also have been charged in yet another case with obstruction of official business.  Municipal Case No. 04-CRA-13593.  Exhibit A-17, attached to Answer of Respondents.  He apparently pleaded guilty to a reduced charge of disorderly conduct, a minor misdemeanor to which petitioner was sentenced to time served.  *Transcript,* at p.4, attached as Exhibit E to Memorandum in Support of Petition.

2004, the charge of failure to comply with an order of a police officer in Municipal Case No. 04CRA-13594 was dismissed at the request of the prosecutor.  Exhibit G to Petition.  According to the dismissal entry dated July 28, 2004, the reckless operation charge in Municipal Case No. 04TRD-158437 was also dismissed "due to a plea bargain to another case number."  Exhibit E to Petition.  Respondent, however, maintains that the reckless operation charge was not dismissed pursuant to the terms of petitioner's no contest plea to OVI in Case No. 04TRC-15461; respondent instead maintains that the reckless operation charge in 04-158437 was "merely a dismissal voluntarily granted by the prosecutor without bargained-for consideration," and "dismissed gratis as an afterthought."  *Return of Writ*, Doc. No. 4, at 5.[2]  On August 4, 2004, petitioner was indicted in Case No. 04CR08-5165 on the charge of Failure to Comply With an Order or Signal of a Police Officer, in violation of O.R.C. §2921.331.  Exhibit H to Petition.  This charge is the subject of the instant habeas corpus petition.  On November 23, 2004, petitioner filed a motion to dismiss that felony charge on double jeopardy grounds.  Exhibit I to Petition.  On January 3, 2005, the trial court denied petitioner's motion as follows:

> Defendant moves to dismiss the Indictment as violative of the Double Jeopardy Clause of the Federal and State Constitutions.  Defendant argues that R.C. 2921.331, as charged in the Court of Common Pleas, is the same offense as Failure to Comply with an Officer and Reckless Operation.  Defendant states that case law supports the argument that Reckless Operation is a lesser included offense of felony Failure to Comply.  Prosecution of Defendant in the Court of Common Pleas would therefore constitute Double Jeopardy.

---

[2]  Respondent and petitioner argue at length regarding the dismissal of the reckless operation charge under Columbus Traffic Code §2133.02 in Case No. 04TRD-158437, *see Return of Writ, Memorandum in Support of Return of Writ, Petitioner's Amended Reply*, although petitioner does not appear to raise a claim that the dismissal of such charge provides the basis for his double jeopardy claim. *See Memorandum in Support of Petition*; Exhibit K to Petition.  In any event, for reasons discussed, *infra*, such arguments need not be addressed by this Court.

In its Memorandum Contra, the State of Ohio argues that Failure to Comply and Reckless Operation are not the same offense to [sic] purposes of double jeopardy analysis.  Reckless Operation does not necessarily involve fleeing from a police officer, as does Failure to Comply.

The State points out that *State v. Knaff* (1st Dist. 1998), 128 Ohio App.3d 90, is not controlling on this Court.  Instead, the Court [sic] points to a Franklin County case which allowed a Defendant to be charged in both Municipal Court and the Court of Common Pleas.

## LAW AND ANALYSIS OF THE COURT

It is axiomatic that a person may not be twice put in jeopardy for the same offense.  Oh. Const. Art. I, §10; U.S. Const. Amend. V; R.C. 2943.05.  To analyze a claim of double jeopardy, the Court must apply the test set forth in *Blockburger v. United States* (1932), 284 U.S. 299, 304.

Each of the offenses charged requires proof of a different element. The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.

To establish a plea of double jeopardy, the defendant must establish that:

1) there was a former prosecution in the same state for the same offense;

2) the same person was in jeopardy in the first prosecution;

3) the parties are identical in the two prosecutions; and

4) the particular offense on the prosecution of which the jeopardy attached was such an offense as to constitute a bar.

25 Oh Jur CRIMINAL LAW  §740; *State v. Besi* (1975), 42 Ohio St.2d 530, syllabus paragraph two (overruled on other grounds).

The Court notes that only the following charges are relevant to this Motion to Dismiss:

6

Municipal Case No. 04TRC-15641 - (1) Speed, R.C. 4511.21(A); (2) OVI, R.C. 4511.19(A)(1); and (3) Reckless Operation, R.C. 4511.20. On June 11, 2004, Defendant pled no contest to the OVI charge, and the Speed and Reckless Operations charges were dropped. Defendant was then sentenced on the OVI charge.

Common Pleas No. 04CR5165 - Felony count of Failure to Comply with an Order of a Police Officer, R.C. 2921.331(B) and (C)(5)(a)(ii).

Defendant must first prove that Reckless Operation, R.C. 4511.20, and Failure to Comply, R.C. 2921.331(B) and (C)(5)(a)(ii), require proof of the same facts.

R.C. 4511.20, Reckless Operation, states:

(A) No person shall operate a vehicle, trackless trolley, or streetcar on any street or highway in willful or wanton disregard of the safety of persons or property.

R.C. 2921.331(B) and (C)(5)(a)(ii), Failure to Comply, requires:

(B) No person shall operate a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring the person's motor vehicle to a stop.

(C)(1) Whoever violates this section is guilty of failure to comply with an order or signal of a police officer.

***

(5)(a) A violation of division (B) of this section is a felony of the third degree if the jury or judge as trier of facts finds any of the following by proof beyond a reasonable doubt:

(ii) The operation of the motor vehicle by the offender caused a substantial risk of serious physical harm to persons or property.

Thus, pursuant to the Ohio Jury Instructions, R.C. 2921.331(B) requires the State to prove the following elements:

(1) Defendant
(2) operated a vehicle;
(3) willfully;

7

(4) to elude or flee;
(5) a police officer;
(6) after receiving a visible and/or audible signal from police officer;
(7) to bring his/her vehicle to a stop. 4-521 OJI §521.331.

Pursuant to the Ohio Jury Instructions, R.C. 4511.20 requires the State to prove:

(1) Defendant;
(2) operated a vehicle;
(3) on any street or highway;
(4) in a willful or wanton disregard for the safety of persons or property.

*See* 1-7 OJI §7.90. An examination of the elements of each offense reveals that R.C. 2921.331(B), Failure to Comply, requires that Defendant flee a police officer after receiving a signal from the officer to stop. Such elements are not present in Reckless Operation, R.C. 4511.20. Similarly, Reckless Operation contains an element not present in Failure to Comply, namely that Defendant showed a "willful and wanton disregard of [sic] the safety of persons or property." Each charge requires the State to prove an element not present in the other charge.

It is clear that the two provisions have separate elements, and do not serve to put Defendant in jeopardy twice for the same action. *United States v. Dixon* (1993), 509 U.S. 688. Defendant argues, however, that Reckless Operation is an allied offense of Failure to Comply, meaning that the "two crimes share common elements such that the commission of one crime will necessitate commission of the other." *Ohio v. Johnson* (1984), 467 U.S. 493, 497.

To determine if the two crimes are allied offenses of similar import, the Court must employ a two part test: (1) Compare the elements with which the defendant is charged to determine if the elements correspond to such a degree that the commission of one offense will result in the commission of the other; (2) if so, review of the defendant's conduct for a determination as to whether the offenses were committed separately or with a separate animus as to each. If the offenses were so committed, the defendant may be convicted of them all. *State v. Mitchell* (1983), 6 Ohio St.3d 416, 418.

The Court holds that it is not necessary to commit the crime of Reckless Operation while Failing to Comply with a Police Officer,

8

and therefore, the two offenses are not allied offenses. There is no double jeopardy bar to charging Defendant under both statutes.

Several courts agree with this holding. The Eighth District Court of Appeals has held that "'reckless operation' is not an allied offense of 'failure to comply...'" *State v. Rupp,* 8th Dist. No. CA2001-06-135, 2002-Ohio-1600; State v. Jackson, 8th Dist. No. 80421, 2002-Ohio-5329. In *State v. Dowd*, 7th Dist. No. 03-MA-84, 2004-Ohio-5787, the Seventh District Court of Appeals held that double jeopardy did not bar conviction for both Reckless Operation and Failure to Comply, since two separate acts were involved and the evidence needed to prove one offense was different than the evidence needed to prove the other offense.

The Court recognizes that the First District Court of Appeals agrees with Defendant's argument that Reckless Operation is an allied offense of Failure to Comply. *See State v. Knaff* (1st Dist. 1998), 128 Ohio App.3d 90; affirmed by *State v. Morton* (Apr. 30, 1999), 1st Dist. No. [illegible]-980391 ("For the purposes of double-jeopardy analysis, felony failure to comply with the order, or signal of a police officer under subsection (C)(2) of R.C. 2921.331 is the same offense as reckless operation in violation of Cincinnati Municipal Code 506-6:).FN

FN: *See also, State v. Moton* (Dec. 17, 1998), 5th Dist. No. 98CA60 (This Court notes, however, that the Fifth District based the ruling on Grady v. Corbin (1990), 495 U.S. 508, which has since been overruled by *United States v. Dixon* (1993), 509 U.S. 688. Therefore, *Moton* is no longer good law, leaving only the First District Court of Appeals who holds that Failure to Comply and Reckless Operation are the same offense for purposes of double jeopardy.

The Court is not bound by the decision of the First District Court of Appeals and declines to adopt its reasoning.

Exhibit K to Petition.

## II. STANDARD OF REVIEW

Petitioner filed his habeas corpus petition pursuant to 28 U.S.C. §2241 and contends that this

Court should conduct a *de novo* review of his double jeopardy claim. *See Memorandum in Support*

*of Habeas Petition,* at 9-10. Other federal courts of appeals have concluded that 28 U.S.C. §2241

and a *de novo* standard of review is appropriate where a defendant challenges his continued

prosecution on double jeopardy grounds in a federal habeas corpus petition. *See, e.g., Stow v.

Murashige*, 389 F.3d 880, 886 (9th Cir. 2004).  In reaching such conclusion, the United States Court

of Appeals for the Ninth Circuit reasoned:

> [B]ecause [petitioner] was not "in custody pursuant to the judgment
> of a State court" at the time he filed his petition, the threshold
> requirement for § 2254, we join four of our sister circuits in holding
> that [petitioner's] habeas petition which raised a double jeopardy
> challenge to his pending retrial is properly treated under § 2241. As
> a result, in reviewing Stow's petition we do not apply the heightened
> standards imposed by the Antiterrorism and Effective Death Penalty
> Act of 1996... contained in 28 U.S.C. § 2254.
>
> Section 2254 confers jurisdiction on a district court to issue "a writ
> of habeas corpus in behalf of a person *in custody pursuant to the
> judgment of a State court ...* on the ground that he is in custody in
> violation of the Constitution or laws or treaties of the United States."
> 28 U.S.C. § 2254(a) (emphasis added). "By contrast, the general
> grant of habeas authority in § 2241 is available for challenges by a
> state prisoner who is not in custody pursuant to a state court
> judgment--for example, a defendant in pre-trial detention or awaiting
> extradition." *White v. Lambert*, 370 F.3d 1002, 1006 (9th Cir.2004).
> We have held that "[i]n these situations, not covered by the
> limitations in § 2254, the general grant of habeas authority provided
> by the Constitution and § 2241 will provide jurisdiction for state
> prisoners' habeas claims." *Id.* (citations omitted).
> ***
>
> In explaining the difference between §2241 and §2254 we previously
> have suggested that a pretrial double jeopardy challenge is properly
> brought under § 2241. In *McNeely v. Blanas*, we held that a habeas
> petitioner attacking his pretrial detention should have sought relief
> under § 2241, not § 2254. 336 F.3d 822, 824 n. 1 (9th Cir.2003). In
> so holding, *McNeely* cited the Seventh Circuit's decision in *Jacobs v.
> McCaughtry,* 251 F.3d 596 (7th Cir.2001) (*per curiam*). In *Jacobs,*
> the Seventh Circuit held that § 2241 was the proper statute for the
> petitioner's pretrial double jeopardy challenge. *Id.* at 597. The
> Seventh Circuit held that the district court erred in dismissing Jacobs'

10

petition as successive because at the time he filed his original federal habeas petition he was awaiting retrial on state charges for which he had been acquitted and thus his "first petition [was] properly classified as a § 2241 petition because it was filed pretrial and not while he was 'in custody pursuant to judgment of a state court.' " *Id.* (citations omitted). [FN9]

FN9. The First, Fifth and Eighth Circuits similarly have held that § 2241 is the proper statutory basis for a pretrial double jeopardy challenge. In advance of a pending retrial, the First Circuit noted the following in holding that the petitioner's double jeopardy challenge was properly brought under § 2241: "Section 2254 which requires exhaustion, applies only to petitions filed after the state has rendered a judgment and hence affords neither a source of power nor a definition of exhaustion applicable to this case." *Benson v. Superior Court,* 663 F.2d 355, 358 (1st Cir.1981). *See also Stringer v. Williams,* 161 F.3d 259, 261-62 (5th Cir.1998) (Stringer's habeas petition alleging a double jeopardy violation "is seeking release from the pending state criminal proceedings against him. Therefore, we should construe Stringer's filing as a habeas petition with § 2241 as the jurisdictional basis."); *Palmer v. Clarke,* 961 F.2d 771, 772 (8th Cir.1992) (allowing a habeas petition alleging a double jeopardy violation to proceed under § 2241 without analysis).

The text of §2254 also supports this conclusion. Under § 2254, "custody" must be "pursuant to the judgment of a State court." Only the jury (or judge sitting as a trier of fact) has the initial authority to render a determination of guilt, which is the predicate for a judgment of conviction and sentence. Although an appellate court may affirm, modify or reverse a judgment of conviction, it lacks the authority to impose a judgment of conviction in the first instance.

*Id.* (Footnotes omitted).  Petitioner, however, does not  refer to any decisions of the United States

Court of Appeals for the Sixth Circuit applying this same reasoning or adopting a *de novo* standard

of review to similar double jeopardy challenges in habeas corpus petitions, nor is this Court aware

of any such decisions by the Sixth Circuit.  Indeed, the United States Court of Appeals for the Sixth

Circuit has considered similar allegations, presented under similar circumstances, under 28 U.S.C.

§2254 and applying the deferential standard of review required under the AEDPA.  *See Harpster*

*v. Ohio*, 128 F.3d 322, 326 (1997); *Johnson v. Karnes*, 198 F.3d 589, 593 (1999).  Therefore, this Court too construes the instant habeas corpus petition as properly brought under 28 U.S.C. §2254 and will apply applicable proscriptions of the AEDPA.  *See* 28 U.S.C. §2254(d), (e).  The Court notes, however, that regardless of whether the deferential standard of review under 28 U.S.C. §2254(d), (e), is applied, or whether the Court conducts a *de novo* standard of review, the result reached in this case is the same.

In sum, the Court concludes that the trial court's decision denying petitioner's motion to dismiss the pending felony charge of failure to comply with an order of a police officer in Case No. 04CR5165 on double jeopardy grounds  is entitled to a presumption of correctness.  Pursuant to 28 U.S.C. §2254(d), the state's factual findings are presumed to be correct:

> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

Further, the decision of the state court is binding on this Court unless it is contrary to clearly established federal law or was based on an unreasonable determination of the facts of record:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d).

> The Supreme Court has said that a decision is contrary to clearly established precedent "if the state court applies a rule that contradicts the governing law set forth in our cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent.

*Davis v. Straub*, − F.3d −, 2005 WL 3273994 (6th Cir. Dec. 1, 2005).

> [T]he "unreasonable application" prong of § 2254(d)(1) permits a federal habeas court to "grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts" of petitioner's case. *Williams v. Taylor, supra,* at 413, 120 S.Ct. 1495; *see also Bell v. Cone,* 535 U.S. 685, 694, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002). In other words, a federal court may grant relief when a state court has misapplied a "governing legal principle" to "a set of facts different from those of the case in which the principle was announced." *Lockyer v. Andrade,* 538 U.S. 63, 76, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003) (citing *Williams v. Taylor, supra,* at 407, 120 S.Ct. 1495). In order for a federal court to find a state court's application of our precedent "unreasonable," the state court's decision must have been more than incorrect or erroneous. *See Lockyer, supra,* at 75, 123 S.Ct. 1166. The state court's application must have been "objectively unreasonable." *See Williams v. Taylor,* 529 U.S., at 409, 120 S.Ct. 1495.

*Wiggins v. Smith*, 439 U.S. 510, 521 (2003).  Petitioner has failed to meet this standard here.  *See Williams v. Taylor, supra.*

## III. MERITS

Petitioner challenges further prosecution against him of felony failure to comply with an order of a police officer under O.R.C. §2921.331, which provides in relevant part:

> (B) No person shall operate a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring the person's motor vehicle to a stop.  (C)(1) Whoever violates this section is guilty of failure to comply with an

13

> order or signal of a police officer.
>
> ***
>
> (5)(a) A violation of division (B) of this section is a felony of the third degree if the jury or judge as trier of fact finds any of the following by proof beyond a reasonable doubt:  (i) The operation of the motor vehicle by the offender was a proximate cause of serious physical harm to persons or property.  (ii) The operation of the motor vehicle by the offender caused a substantial risk of serious physical harm to persons or property.

*Id*.  The indictment against petitioner indicates in relevant part as follows:

> ... Clarence Walker Perkins... on or about the 10th day of June in the year of our Lord, 2004, within the County of Franklin... in violation of section 2921.331 of the Ohio Revised Code, did operate a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring his motor vehicle to a stop; further the Grand Jurors find that the operation of the motor vehicle by the said Clarence Walker Perkins was a proximate cause of serious physical harm to persons or property, and/or the operation of the motor vehicle by the said Clarence Walker Perkins caused a substantial risk of serious physical harm to persons or property, contrary to the statute....

Exhibit H to Petition.  Although petitioner was indicted under both §2921.331(C)(5)(a)(i)(*i.e.*, "operation of the motor vehicle by the said Clarence Walker Perkins was a proximate cause of serious physical harm to persons or property") and (ii)(*i.e.*, "operation of the motor vehicle by... Clarence Walker Perkins caused a substantial risk of serious physical harm to persons or property"), it appears from the petition that petitioner challenges solely the State's continued prosecution of him under §2921.331(C)(5)(a)(ii).  Petitioner states:

> On November 23, 2004, petitioner filed a motion to dismiss which was based on the Double Jeopardy Clause of the Fifth Amendment. His challenge was limited [to] the element that elevated the offense to a felony and to the substantial risk allegation, as opposed to the serious physical harm allegation because there was no physical harm.

14

*Memorandum in Support of Petition*, at 4. Further, it is the position of the respondent that any claim now raised by petitioner that double jeopardy bars prosecution of him under 2921.331(C)(5)(a)(i) is unexhausted, because such claim has never been presented to the state courts. *See Memorandum of Respondent,* Doc. No. 8, at 17. In view of the foregoing, and because petitioner does not appear to raise any challenge to the State's continued prosecution of him under O.R.C. §2929.331(C)(5)(a)(i), the Court will not address such issue here.[3]

Petitioner asserts that, because the charge of reckless operation under O.R.C. §4511.20 in Case No. 04TRC-154641 was dismissed with prejudice pursuant to the terms of his no contest plea to OVI and guilty plea to disorderly conduct, the Double Jeopardy Clause bars the successive prosecution of him on felony fleeing under §2921.331(C)(5)(a)(ii), as §4511.20 is a lesser included offense of 2921.331(C)(5)(a)(ii). *Petition*, at 4; Exhibit I to *Memorandum in Support of Petition.*

O.R.C. §4511.20 provides:

> No person shall operate a vehicle, trackless trolley, or streetcar on any street or highway in willful or wanton disregard of the safety of persons or property.

*Id.* Petitioner further asserts that the state court's decision denying this claim is unreasonable because the state trial court failed to recognize an essential element of the pending felony charge against him when it analyzed his double jeopardy claim. Petitioner asserts:

> The Common Pleas Court concluded that the felony contained the following elements: 1) Petitioner; 2) operated a vehicle; 3) to willfully; 4) elude or flee; 5) a police officer; 6) after receiving a

---

[3] In petitioner's amended reply, however, he does request that the Court "enter an order that [the] Double Jeopardy Clause precludes the State of Ohio from trying him on the felony version of R.C. 2921.331(C)(5)(a)(i) and (ii). *See Petitioner's Amended Reply*, Doc. No. 16, at 12.

visible and/or audible signal from police officer; and 7) to bring his/her vehicle to a stop.... The Common Pleas Court omitted, however, an essential element of the felony offense.... The Grand Jury indicted Petitioner for the third degree felony which required that the prosecution prove beyond a reasonable doubt that Petitioner operated his motor vehicle in such a manner as "to cause a substantial risk of serious physical harm to persons or property"....

The Common Pleas Court's failure to identify this essential element caused its ultimate conclusion to be incorrect.

*Petition,* at 6; *see also Memorandum in Support of Petition*, at 10-11.

In response, respondent contends that jeopardy never attached to the reckless operation charges that were previously dismissed because said charges were dismissed without a trial or a plea of guilty or no contest. *Return of Writ,* at 12-13; *Memorandum in Support of Return of Writ*, at 6. It is also the position of the respondent that, in any event, the reckless operation and felony failure to comply with an order of a police officer charges at issue constitute neither the same nor a lesser included offense. *See id.*

The Double Jeopardy Clause of the Fifth Amendment, made applicable to the states through the Fourteenth Amendment, provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. Amend. V. The clause has been interpreted as protecting criminal defendants from successive prosecutions for the same offense after acquittal or conviction, as well as from multiple punishments for the same offense. *Brown v. Ohio*, 432 U.S. 161, 165 (1977). The traditional test for double jeopardy claims is the "same elements" test set forth in *Blockburger v. United States*, supra, 284 U.S. at 304, requiring the court to determine whether each charged offense "requires proof of an additional fact which the other does not"). The *Blockburger* test is designed to deal with the situation where closely connected conduct results in multiple charges under separate statutes. Under *Blockburger*, the critical question is whether the

16

multiple charges in reality constitute the same offense. Thus, the *Blockburger* test focuses on whether the statutory elements of the two crimes charged are duplicative. If the elements of the two statutes are substantially the same, then double jeopardy is violated by charging the defendant under both.[4]

In addition, a defendant cannot be prosecuted for a greater offense after conviction or acquittal of a lesser included offense. *Brown v. Ohio, supra*. In *Brown,* the defendant was convicted on his guilty plea to the offense of joyriding and was subsequently convicted of the offense of auto theft. Both convictions were based on the same events and, under Ohio law, joyriding is a lesser included offense of auto theft. Noting that conviction on a charge of joyriding required no proof not required for conviction on a charge of auto theft, the Supreme Court held that the subsequent prosecution of the greater charge was precluded by double jeopardy principles. 432 U.S. at 168-69. The Supreme Court emphasized that the prohibition of successive prosecutions serves a policy of finality, protecting a defendant from a government's attempts to relitigate facts or secure additional penalties. *Id.*, at 165-66.

In order to resolve petitioner's claim in this action, this Court must first determine whether jeopardy attached to the reckless operation charges that were dismissed. Such issue was not addressed by the state trial court, and therefore is considered here *de novo*. *See Howard v.*

---

[4] In *Grady v. Corbin*, 499 U.S. 508, 519 (1990), decided after *Blockburger*, the United States Supreme Court held that the Double Jeopardy Clause also barred prosecution of multiple offenses where the government, to establish an essential element of an offense charged in that prosecution, will prove conduct that constitutes an offense for which the defendant has already been prosecuted. However, the Supreme Court overruled the "same conduct" rule of *Grady*, concluding that *Grady* was inconsistent with Supreme Court precedent and the common law understanding of double jeopardy. *United States v. Dixon*, 509 U.S. 688, 704 (1993).

*Bouchard*, 405 F.3d 459, 467 (6th Cir. 2005).

In *Serfass v. United States*, 420 U.S. 377, (1975), the United States Supreme Court held that the Double Jeopardy Clause did not bar the defendant's retrial on charges previously dismissed pursuant to petitioner's pretrial motion to dismiss the indictment, as jeopardy had not attached at the time of dismissal. The Supreme Court held:

> [T]he purposes of, and the policies which animate, the Double Jeopardy Clause in this context are clear 'The constitutional prohibition against 'double jeopardy' was designed to protect an individual from being subjected to the hazards of trial and possible conviction more than once for an alleged offense. . . . The underlying idea, one that is deeply ingrained in at least the Anglo-American system of jurisprudence, is that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty.' *Green v. United States*, 355 U.S. 184, 187--188, 78 S.Ct. 221, 223, 2 L.Ed.2d 199 (1957). *See United States v. Jorn*, 400 U.S. 470, 479, 91 S.Ct. 547, 554, 27 L.Ed.2d 543 (1971); *Price v. Georgia,* 398 U.S. 323, 326, 90 S.Ct. 1757, 1759, 26 L.Ed.2d 300 (1970).
>
> As an aid to the decision of cases in which the prohibition of the Double Jeopardy Clause has been invoked, the courts have found it useful to define a point in criminal proceedings at which the constitutional purposes and policies are implicated by resort to the concept of 'attachment of jeopardy.' *See United States v. Jorn, supra*, 400 U.S., at 480, 91 S.Ct., at 554. In the case of a jury trial, jeopardy attaches when a jury is empaneled and sworn. *Downum v. United States*, 372 U.S. 734, 83 S.Ct. 1033, 10 L.Ed.2d 100 (1963); *Illinois v. Somerville*, 410 U.S. 458, 93 S.Ct. 1066, 35 L.Ed.2d 425 (1973). In a nonjury trial, jeopardy attaches when the court begins to hear evidence. *McCarthy v. Zerbst*, 85 F.2d 640, 642 (CA10 1936). *See Wade v. Hunter*, 336 U.S. 684, 688, 69 S.Ct. 834, 836, 93 L.Ed. 974 (1949). The Court has consistently adhered to the view that jeopardy does not attach, and the constitutional prohibition can have no application, until a defendant is 'put to trial before the trier of facts, whether the trier be a jury or a judge.' *United States v. Jorn, supra*, 400 U.S., at 479, 91 S.Ct., at 554. *See Kepner v. United States*, 195

18

U.S. 100, 128, 130--131, 24 S.Ct. 797, 804-- 805, 49 L.Ed. 114 (1904); *United States v. Macdonald*, 207 U.S. 120, 127, 28 S.Ct. 53, 55, 52 L.Ed. 130 (1907); *Bassing v. Cady*, 208 U.S. 386, 391--392, 28 S.Ct. 392, 393, 52 L.Ed. 540 (1908); *Collins v. Loisel*, 262 U.S. 426, 429, 43 S.Ct. 618, 619, 67 L.Ed. 1062 (1923).

Under our cases jeopardy had not yet attached when the District Court granted petitioner's motion to dismiss the indictment. Petitioner was not then, nor has he ever been, 'put to trial before the trier of facts.' The proceedings were initiated by his motion to dismiss the indictment. Petitioner had not waived his right to a jury trial, and, of course, a jury trial court not be waived by him without the consent of the Government and of the court. Fed.Rule Crim.Proc. 23(a). *See Patton v. United States*, 281 U.S. 276, 312, 50 S.Ct. 253, 263, 74 L.Ed. 854 (1930); *Singer v. United States*, 380 U.S. 24, 85 S.Ct. 783, 13 L.Ed.2d 630 (1965). In such circumstances, the District Court was without power to make any determination regarding petitioner's guilt or innocence. Petitioner's defense was raised before trial precisely because 'trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining' its validity. *United States v. Covington*, 395 U.S. 57, 60, 89 S.Ct. 1559, 1561, 23 L.Ed.2d 94 (1969). *See Fed.Rule Crim.Proc*. 12(b)(1).... His motion to postpone the trial was premised on the belief that 'the expeditious administration of justice will be served best by considering the Motion (to dismiss the indictment) prior to trial.' At no time during or following the hearing on petitioner's motion to dismiss the indictment did the District Court have jurisdiction to do more than grant or deny that motion, and neither before nor after the ruling did jeopardy attach.

*Id.*, at 387-389 (footnotes omitted).

In at least two unpublished decisions, the United States Court of Appeals for the Sixth Circuit has concluded that double jeopardy had not attached, and therefore did not bar the subsequent prosecution on charges previously dismissed pursuant to a plea agreement. *See United States v. Toaz,* unpublished, 59 Fed.Appx. 94, 99 (6th Cir. February 13, 2003); *United States v. Del Rivo*, 818 F.2d 867, unpublished, 1987 WL 37420 (6thCir. May 18, 1987).

Though it might seem unjust that a defendant has no double jeopardy defense in a plea bargaining situation, courts have held that

> defendants have other remedies available to protect them if a plea bargain has been breached by a prosecutor. "[S]ufficient constitutional and statutory measures protect defendants in cases that might be tainted by an overzealous prosecutor abusing the rules marking the attachment of jeopardy to make abandonment of those rules 'unnecessary' where a previous indictment ha[s] been dismissed at the government's request." *United States v. Stricklin*, 591 F.2d 1112, 1120 (5th Cir.), *cert. denied*. 444 U.S. 963 (1979) (quoting *United States v. Pitts*, 569 F.2d 343, 347 n.5 (5th Cir.), *cert. denied*, 436 U.S. 959 (1978)). In *Stricklin* the defendant was protected by his Sixth Amendment right to a speedy trial. Here... the defendant may allege breach of a plea agreement once he has been tried on the Ohio charges.

*United States v. Del Rivo, supra; but see United States v. Collins*, 774 F.2d 1164, unpublished, 1985 WL 13766 (6th Cir. September 5, 1985)(holding that prosecution of defendant in Kentucky on charges dismissed in Ohio pursuant to a plea agreement "would violate the principles of double jeopardy, contrary to the Fifth Amendment of the Constitution."(citations omitted)).  The United States Court of Appeals for the Ninth Circuit likewise has concluded that jeopardy does not attach to charges dismissed pursuant to a plea agreement:

> In determining whether the prohibition against double jeopardy has been invoked, courts have found it necessary to "define a point in criminal proceedings at which the constitutional purposes and policies are implicated by resort to the concept of 'attachment of jeopardy.' " *Serfass v. United States*, 420 U.S. 377, 388, 95 S.Ct. 1055, 1062, 43 L.Ed.2d 265 (1975). The question of whether jeopardy has attached must be analyzed in terms of the flexible policy considerations underlying the concept rather than hard and fast rules. *United States v. Choate*, 527 F.2d 748, 751 (9th Cir.1975). In this sense, trial of the issue of guilt or innocence is the essence of jeopardy. *United States v. Patrick*, 532 F.2d 142, 145 (9th Cir.1976).
>
> In *Serfass* the Supreme Court reconfirmed that "jeopardy does not attach, and the constitutional prohibition can have no application, until a defendant is 'put to trial before the trier of facts, whether the trier be a jury or a judge' ". 420 U.S. at 388, 95 S.Ct. at 1062. Thus,

20

in a non-jury trial, jeopardy attaches when the court begins to hear evidence. *Id.; United States v. Choate*, 527 F.2d at 751. In a jury trial, jeopardy attaches when the jury is empaneled and sworn. *Crist v. Bretz*, 437 U.S. 28, 36, 98 S.Ct. 2156, 2161, 57 L.Ed.2d 24 (1978); *United States v. Hill*, 473 F.2d 759, 761 (9th Cir.1972).

The issue of [petitioner's] guilt or innocence of the conspiracies charged in the 1977 indictment never came before a trier of fact. *Cf. United States v. Garcia*, 589 F.2d 249, 250-51 (5th Cir.1979) (indictment and prosecution does not sufficiently jeopardize a defendant until the defendant is put to trial before the trier of fact); *United States v. Choate*, 527 F.2d at 750-51 (dismissal of indictment before defendant is put to trial before trier of fact on issue of guilt or innocence does not constitute jeopardy); *United States v. Hill*, 473 F.2d at 763 (jeopardy does not attach in most pretrial proceedings because the court is not deciding the general issue--guilt vel non ). Vaughan pleaded guilty shortly after arraignment in the course of pretrial proceedings to a superseding information charging him with simple possession of marijuana in violation of 21 U.S.C. § 844. On this basis, the 1977 indictment containing the first conspiracy charges was dismissed. No jurors had been selected nor any evidence pertaining to guilt or innocence of the conspiracy charges adduced. The record does not indicate that the dismissal in any way implied acquittal on those charges. *Cf. United States v. Dahlstrum*, 655 F.2d 971, 974 (9th Cir.1981), *cert. denied*, 455 U.S. 928, 102 S.Ct. 1293, 71 L.Ed.2d 472 (1982) (dismissal is not equivalent to acquittal even if dismissal is "with prejudice"). On this record, we conclude that Vaughan was never placed in jeopardy in connection with the conspiracies charged in the 1977 indictment. [FN1]

FN1. In an analogous case, *United States v. Hallam*, 472 F.2d 168 (9th Cir.1973), we observed that "breach of plea agreement" may serve as a more viable theory for dismissal of an indictment than does double jeopardy in circumstances similar to these. *Id.* at 169, citing *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971).

*United States v. Vaughan*, 715 F.2d 1373, 1376 (9th Cir. 1983).  The Supreme Court in *Ohio v. Johnson*, 467 U.S. 493, 501 (1984), held that double jeopardy did not bar prosecution on murder and aggravated robbery charges, where the trial court accepted the defendant's guilty plea to lesser included offenses over the prosecutor's objection.  In *Ricketts v. Adamson*, 483 U.S. 1, 3 (1987), the

Supreme Court held that the double jeopardy clause did not bar prosecution of defendant for first

degree murder following his breach of a plea agreement under which he had pleaded guilty to a

lesser offense.  To date, however, the Supreme Court has not held that the double jeopardy clause

bars prosecution of charges previously dismissed prior to trial at the request of the prosecutor or

pursuant to the terms of a plea agreement.  "Holdings of the Supreme Court, not dicta, clearly

establish federal law" under the AEDPA.  *Davis v. Straub, supra*, citing *Williams v. Taylor*, *supra*,

529 U.S. at 412.              "A federal court may not overrule a
                              state court for simply holding a view
                              different from its own, when the
                              precedent from [the Supreme Court]
                              is, at best, ambiguous."

*Id.*, quoting *Mitchell v. Esparza*, 540 U.S. 12, 17 (2003).

        In view of all of the foregoing, and particularly in view of the Supreme Court's decision in

*Serfass v. United States, supra*, this Court concludes that petitioner's claim is without merit.


## IV.

        For all of the foregoing reasons, the Magistrate Judge **RECOMMENDS** that the State of

Ohio be **DISMISSED** as a respondent and that this action be **DISMISSED.**  Respondent's request

for oral argument, Doc. No. 12, is **DENIED.**

        If any party objects to this *Report and Recommendation*, that party may, within ten (10) days

of the date of this report, file and serve on all parties written objections to those specific proposed

findings or recommendations to which objection is made, together with supporting authority for the

objection(s).  A judge of this Court shall make a *de novo* determination of those portions of the

report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matt er to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


January 19, 2006                          *s/Norah McCann King*
                                          Norah McCann King
                                          United States Magistrate Judge